IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-75-BO

| | |
|---|---|
| TYRONE MCFADDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ANDREW SAUL, ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on plaintiff's motion for judgment on the pleadings [DE 18] and defendant's motion for summary judgment [DE 22]. A hearing was held on the motions before the undersigned on June 17, 2021, at Edenton, North Carolina. For the reasons that follow, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for disability and disability insurance benefits under title II of the Social Security Act. Plaintiff filed an application for a period of disability and disability insurance benefits, alleging a disability onset date of March 1, 2011. After initial denials, an administrative law judge (ALJ) held a hearing on June 25, 2019, and subsequently found that plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity between his onset date of March 1, 2011 through June 30, 2016, his date last insured. The ALJ found that plaintiff's degenerative disk disease, bilateral knee degenerative joint disease, left shoulder osteoarthritis status-post rotator cuff repair, chronic kidney disease, hypertension, benign positional vertigo, depression, anxiety, posttraumatic stress disorder (PTSD), somatoform disorder were severe impairments at step two, but that either alone or in combination his impairments did not meet or equal a Listing. The ALJ further found that plaintiff had moderate limitations in the criteria of understanding, remembering, or applying information; interacting with others; and concentrating, persisting, or maintaining pace and mild limitations in the ability to adapt or manage oneself. The ALJ determined that plaintiff had the residual functional capacity to perform light work with non-exertional limitations and at steps four and five found that plaintiff was unable to perform past relevant work but that, considering his age, education, work experience, and RFC,

there were jobs that existed in significant numbers in the national economy which plaintiff could perform. Thus, a finding of not disabled was directed.

Upon review of the record and decision, the Court concludes that reversal is appropriate because the ALJ failed to give adequate weight to plaintiff's Department of Veterans Affairs (VA) rating or, at a minimum, provide sufficient reasons for discounting that rating. The VA wrote in a letter on March 24, 2016 that plaintiff had a one hundred percent combined service-connected rating and was considered permanently and totally disabled. In *Bird v. Comm'r of Soc. Sec.*, the Fourth Circuit noted that the VA and Social Security determinations are "closely related [and] a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." 699 F.3d 337, 343 (4th Cir. 2012). The court has held that "in making a disability determination, the SSA must give substantial weight to a VA disability rating." *Id.* To afford less than "substantial weight" to the disability determinations of other government agencies, the ALJ must give "persuasive, specific, valid reasons for doing so that are supported by the record." *Woods v. Berryhill*, 888 F.3d 686, 692 (4th Cir. 2018).

The ALJ gave no valid reasons for affording less than substantial weight to the VA decision, much less persuasive ones. Simply noting the difference in the standards employed by the VA and the Social Security Administration is insufficient to justify deviation under *Bird*. The ALJ in this case did not explain how the rating was inconsistent with the record, much less perform a meaningful comparison between the medical evidence and the findings in the VA rating decision. Instead, the ALJ merely relied on impermissible reasons for affording less than substantial weight to the rating, stating that "[t]he disability determination processes used by the Department of Veterans Affairs and the Social Security Administration are fundamentally different" and that the

VA rating was "of little probative value." A review of the record makes clear that this was not harmless error.

Furthermore, the ALJ failed in her treatment of the medical opinion evidence. The ALJ must carefully weigh the opinions of the medical sources on file through considering several factors, including length of the treatment relationship, supportability, consistency, and specialization. *See* 20 C.F.R. § 404.1527(c)(2). The ALJ must consider all medical opinion given in the case, assess the weight given to each opinion, and explain any conflict between a medical opinion and the ALJ's RFC. *Id.* at § 404.1527(b).

The ALJ committed errors in her treatment of multiple medical opinions in this case. First, she failed to evaluate and assign any weight to the April 2013 medical opinion of Dr. Mary Beth Barnes, which found that plaintiff suffered from occupational and social impairment with reduced reliability and productivity, with his symptoms causing difficulty in establishing and maintaining effective work and social relationships and difficulty in adapting to stressful circumstances, and that he suffered marked impairment due to his PTSD from the military. Second, she alleged that she assigned Dr. Craig Farmer's opinion great weight, but she never explained the conflict between Dr. Farmer's opinion that plaintiff had significant impairment in his ability to relate to others and was very limited in his ability to tolerate the stress and pressure associated with day-to-day work activity with her RFC for frequent interaction with supervisors and full-time jobs for eight hours per day, five days a week.

The Court in its discretion finds that reversal and remand for benefits is appropriate. The ALJ failed to give appropriate weight to the VA disability rating and made several mistakes in her treatment of the medical opinions. When plaintiff's medical conditions are considered in

combination with the VA disability rating, there is not substantial evidence to support a denial of benefits. Reopening this case for another hearing would serve no purpose, and the ALJ's decision must be reversed.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 18] is GRANTED. Defendant's motion for summary judgment [DE 22] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits. The clerk is DIRECTED to close the case.

SO ORDERED, this __23__ day of June, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE